Steven P. Pixley, Esq.
Attorney at Law
Second Floor, CIC Centre
Beach Road, Garapan
Post Office Box 7757 SVRB
Saipan, M.P. 96950
Telephone: (233-2898/5175)
Facsimile: (233-4716)

*Attorney for Libo Wang*

FILED
Clerk
District Court

NOV 0 7 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. CR-01-00010-005 |
| Plaintiff, ) | |
| -vs- ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| LIBO WANG, ) | |
| Defendant. ) | DATE: DEC - 1 2005 |
| ) | TIME: 9:00 A.M. |

I.

**Factual and Procedural Background**

On April 30, 2002, Libo Wang, a citizen of the People's Republic of China, entered a plea of guilty to the criminal offense of Conspiracy to Possess Methamphetamine with Intent to Distribute and Distribute Methamphetamine pursuant to 21 U.S.C. §§ 841 (a)(1) and 846. On August 14, 2002, this Court sentenced her to a term of eighteen months imprisonment. Upon release from imprisonment, this Court ordered her to be on supervised release for a term of four years. A copy of the judgment and commitment order is annexed hereto as Exhibit "A".

Following her sentencing, Ms. Wang was incarcerated in a federal prison facility located in

Dublin, California.[1] After voluntarily returning to Saipan from China, Ms. Wang began her term of supervised release on or about July 7, 2004. Declaration of Libo Wang, Exhibit "B". She has been on supervised release for more than one year prior to the filing of this motion.

## II.

### This Court is Authorized to Terminate or Modify a term of Supervised Release

Rule 32.1 (c) of the Federal Rules of Criminal Procedure requires the District Court to hold a hearing before "modifying" the conditions of probation or supervised released under certain circumstances. To be sure, Rule 32.1 does not expressly mention the possibility of early termination of a term of probation or supervised release. However, 18 U.S.C. § 3583 (e)(1) provides that the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release pursuant to (Rule 32.1) if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 26 Moore's Federal Practice (Matthews Bender 3d ed.), Revocation or Modification of Probation or Supervised Release § 632.1.07. This provision authorizes Ms. Wang to move for early termination and discharge since she has completed one year of supervised release.[2] It is respectfully submitted that this Court should proceed with a "conduct-based" inquiry into the continued necessity for supervision. United States

---

[1] Ms. Wang completed her term of imprisonment on or about December 23, 2003. She was then incarcerated in various facilities in California because of questions regarding her immigration status. On or about February 23, 2004, she was put on a flight from San Francisco to Shanghai by U.S. Immigration officials. Declaration of Libo Wang, Exhibit "B".

[2] Ms. Wang was sentenced pursuant to 21 U.S.C. § 841.

It is therefore relevant to note that this Court is authorized to terminate supervised release after one year if the defendant has not completed a longer mandatory minimum release term required by the substantive statute. United States v. Rodriguera, 954 F. 2d 1465, 1469 (9th Cir. 1992) (court had authority to modify supervised release term required by 21 U.S.C. § 841);

United States v. Spinelle, 41 F. 3d 1056, 1059-60 (6th Cir. 1994) (court had authority to terminate supervised release term after one year even though 21 U.S.C. § 841 required imposition of mandatory three-year supervised release term).

v. Pregent, 190 F. 3d 279, 283 (4th Cir. 1999).

### III.

### Continued Supervised Release
### of Ms. Wang is not Necessary

A review of Ms. Wang's performance since she was sentenced on August 14, 2002, demonstrates that Ms. Wang has been fully rehabilitated and that continued supervised release is not necessary. Indeed, Ms. Wang's record since sentencing is unblemished. She served her time in federal prison and she served additional time in California because of immigration problems. She paid all fines and penalties. She completed the Aftercare Services Program. She is gainfully employed. Declaration of Libo Wang, Exhibit "B".

### IV.

### Conclusion

For the reasons set forth herein, Ms. Wang respectfully asks this Court to exercise its discretion pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583 (e)(1) and in the interest of justice terminate her term of supervised release.

Dated this 1st day of November, 2005.

STEVEN P. PIXLEY
Attorney at Law

RECEIVED
AUG 14 2002
U.S. Probation Office

# United States District Court
## District of the Northern Mariana Islands

COPY

UNITED STATES OF AMERICA
v.
LIBO WANG

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: CR-01-00010-005

Joseph A. Arriola, Esq.
Defendant's Attorney

COPY on Original Filed on this date
AUG 14 2002
Clerk
District Court
For The Northern Mariana Islands

**THE DEFENDANT:**

[✓] pleaded guilty to count(s)  Count I
[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC §841(a)(1) | Conspiracy to Possess Methamphetamine with Intent to Distribute and Distribute Methamphetamine | 02/19/2001 | I |
| 21 USC §846 | Conspiracy to Possess MEthamphetamine with Intent to Distribute and Distribute Methamphetamine | 02/19/2001 | I |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[✓] Count(s) VII, VIII and IX  [ ] is  [✓] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ████
Defendant's Date of Birth: ████
Defendant's USM No.: 00393-005
Defendant's Residence Address:
Capitol Hill
Saipan, MP 96950

Defendant's Mailing Address:
PMB 239 Box 10002
Saipan, MP 96950

08/14/2002
Date of Imposition of Judgment

/s/ Alex R. Munson
Signature of Judicial Officer

Honorable, Alex R. Munson, Chief Judge
Name and Title of Judicial Officer

August 14, 2002
Date

*Exhibit "A"*

237

DEFENDANT: LIBO WANG
CASE NUMBER: CR-01-00010-005

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____18 months_____.

During her imprisonment, the defendant shall participate in drug education and vocational programs approved by the Bureau of Prisons.

☐ The court makes the following recommendations to the Bureau of Prisons:




☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☑ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: LIBO WANG
CASE NUMBER: CR-01-00010-005

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __4 years__

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☑ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LIBO WANG
CASE NUMBER: CR-01-00010-005

# SPECIAL CONDITIONS OF SUPERVISION

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of four years. The term of supervised release will include the following conditions:

1. That the defendant shall obey all federal, state and local laws;

2. That the defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Probation Office;

3. That the defendant shall not possess a firearm or other dangerous weapon;

4. That the defendant shall not use or possess illegal controlled substances;

5. That the defendant shall refrain from the use of any and all alcoholic beverages;

6. That the defendant shall submit to one urinalysis test within 15 days of release from custody and, to two more urinalysis thereafter;

7. That the defendant shall be assessed for substance or alcohol abuse. If it is determined that she is in need of treatment, she shall participate in a substance abuse program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance abuse. The defendant shall also make a payment for treatment at a rate to be determined by the U.S. Probation Office;

8. That the defendant shall obtain and maintain gainful employment; and

9. That the defendant pay a fine of $500.

Translator: Hua Yang
07-07-04

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of the supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) Wang Libo    04.7.7
         Defendant    Date

         U.S. Probation Officer/Designated Witness    7-7-04
                                                      Date

DEFENDANT: LIBO WANG
CASE NUMBER: CR-01-00010-005

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 500.00 | $ 0.0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entere after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offense: committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: LIBO WANG
CASE NUMBER: CR-01-00010-005

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ __600.00__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

Steven P. Pixley, Esq.
Attorney at Law
Second Floor, CIC Centre
Beach Road, Garapan
Post Office Box 7757 SVRB
Saipan, M.P. 96950
Telephone: (233-2898/5175)
Facsimile: (233-4716)

*Attorney for Libo Wang*

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. CR-01-00010-005 |
| Plaintiff, ) | |
| -vs- ) | |
| LIBO WANG, ) | **DECLARATION OF LIBO WANG IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| Defendant. ) | |

I, Libo Wang, hereby declare and state as follows:

1. I am a citizen of the People's Republic of China and a resident of the Commonwealth of the Northern Mariana Islands. I make this declaration on personal knowledge, and if called upon to testify I could and would testify competently hereto.

2. On or about April 30, 2002, I entered a plea of guilty to the criminal offense of Conspiracy to Possess Methamphetamine with Intent to Distribute Methamphetamine pursuant to 21 U.S.C. §§ 841 (a)(1) and 846. On or about August 14, 2002, I was sentenced to a jail term of eighteen months as well as a four year term of supervised release.

3. Following my sentencing hearing, I was transported to the federal prison facility located in Dublin, California. During my term of imprisonment I did not receive any reprimands nor was I the

*Exhibit "B"*

subject of any disciplinary actions. I did receive credit for good behavior. I was released from Federal Prison on or about December 23, 2003.

4. Upon my release from the federal prison facility I was immediately taken into custody by U.S. Immigration because of confusion regarding my immigration status. I was detained in custody by U.S. Immigration until on or about February 23, 2004.

5. On or about February 23, 2004, I was transported by U.S. Immigration officials to the San Francisco International Airport and I was placed on a flight to Shanghai, China. Upon my arrival in China, I cleared Chinese customs and immigration and I traveled to my home city to visit with my family.

6. On or about July 4, 2004, I voluntarily returned to the Commonwealth of the Marianas Islands. I contacted the U.S. Probation office shortly after arriving in Saipan. I began my term of supervised release on or about July 7, 2004.

7. On or about August 24, 2004, I was hired as a sales associate by DFS Galeria located in Garapan, Saipan. I received an award in April, 2005, from DFS Galleria as Employee of the Month. A copy of my certificate is annexed to this Declaration. I am presently employed at DFS Galeria.

8. I have paid all fines and penalties imposed upon me by this Court. In addition, I completed the Aftercare Services Program. A copy of my certificate of completion is annexed to this Declaration.

9. My mother who resides in China was diagnosed with terminal cancer. She is currently undergoing medical treatment. I would like to visit with my mother in China.

10. DFS Galleria has asked me to participate in training in locations outside of the Commonwealth of the Northern Mariana Islands.

1   I declare under penalty of perjury under the laws of the Commonwealth of the Northern
2   Mariana Islands (7 C.M.C. § 3305) that the foregoing is true and correct.
3
4   Executed this _1st_ day of November, 2005, in Saipan, Commonwealth of the Northern
5   Mariana Islands.

*[signature]*
**LIBO WANG**



DFS GALLERIA

2005 Employee of the Month

April

This certificate is presented to...

**Libo Wang**

In recognition of outstanding accomplishment and contribution in

*Sales*

Gemma Good – Human Resources

Yurie Thompson – Program Coordinator

Aidan-Pierce – Division President

# Certificate of Completion



Marianas Psychiatric Services presents this certificate to

## Libo Wang

in recognition of your completion of the Aftercare Services Program

_____
Judith Avery RN PhD

_____
Laura L. Post MD